**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| HEATH VINCENT FULKERSON,<br><br>　　Plaintiff<br><br>v.<br><br>U.S. SERCRET SERVICE, et. al.,<br><br>　　Defendants | Case No.: 3:20-cv-00227-RCJ-WGC<br><br>**Report & Recommendation of<br>United States Magistrate Judge**<br><br>Re: ECF Nos. 1, 1-1 |

This Report and Recommendation is made to the Honorable Robert C. Jones, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR 1B 1-4.

Plaintiff has filed an application to proceed in forma pauperis (IFP) (ECF No. 1) and pro se complaint (ECF No. 1-1).

**I. IFP APPLICATION**

A person may be granted permission to proceed IFP if the person "submits an affidavit that includes a statement of all assets such [person] possesses [and] that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1); *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc) (stating that 28 U.S.C. § 1915 applies to all actions filed IFP, not just prisoner actions).

The Local Rules of Practice for the District of Nevada provide: "Any person who is unable to prepay the fees in a civil case may apply to the court for authority to proceed [IFP].

The application must be made on the form provided by the court and must include a financial affidavit disclosing the applicant's income, assets, expenses, and liabilities." LSR 1-1.

"[T]he supporting affidavits [must] state the facts as to [the] affiant's poverty with some particularity, definiteness and certainty." *U.S. v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (quotation marks and citation omitted). A litigant need not "be absolutely destitute to enjoy the benefits of the statute." *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339 (1948).

A review of the application to proceed IFP reveals Plaintiff cannot pay the filing fee; therefore, the application should be granted.

## II. SCREENING

**A. Standard**

"[T]he court shall dismiss the case at any time if the court determines that-- (A) the allegation of poverty is untrue; or (B) the action or appeal-- (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(A), (B)(i)-(iii).

Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and 28 U.S.C. § 1915(e)(2)(B)(ii) tracks that language. As such, when reviewing the adequacy of a complaint under this statute, the court applies the same standard as is applied under Rule 12(b)(6). *See e.g. Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) ("The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim."). Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000) (citation omitted).

The court must accept as true the allegations, construe the pleadings in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969) (citations omitted). Allegations in pro se complaints are "held to less stringent standards than formal pleadings drafted by lawyers[.]" *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (internal quotation marks and citation omitted).

A complaint must contain more than a "formulaic recitation of the elements of a cause of action," it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "The pleading must contain something more … than … a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id*. (citation and quotation marks omitted). At a minimum, a plaintiff should include "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A dismissal should not be without leave to amend unless it is clear from the face of the complaint that the action is frivolous and could not be amended to state a federal claim, or the district court lacks subject matter jurisdiction over the action. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995); *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990).

**B. Plaintiff's Complaint**

Plaintiff's complaint names the U.S. Secret Service, the Federal Bureau of Investigation (FBI), the U.S. Department of Homeland Security (DHS), and the U.S. Postal Service. Plaintiff alleges that he has notified the FBI about domestic terrorism and since then, he claims members of the military representing the Secret Service and DHS have stalked or harassed him using the City of Reno's traffic monitoring system, the NASA uav traffic monitoring system, and DHS's abilities to use private surveillance and cellular towers to stalk him via his cellular phone,

internet connection and rental vehicles. He goes on to allege that the Secret Service is responsible for mail theft and insurance fraud.

Plaintiff's complaint contains no actual *factual* allegations to state a claim for relief. This is one of many complaints Plaintiff has filed in the District of Nevada with broad, generalized, and often fantastical allegations. *See e.g.* 3:19-cv-00729-MMD-CLB; 3:19-cv-00714-MMD-WGC; 3:19-cv-00721-MMD-WGC; 3:19-cv-00753-MMD-WGC; 3:20-cv-00206-MMD-WGC.

As the Supreme Court has noted, "a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). "To prevent such abusive or captious litigation, § 1915(d) [now § 1915(e)(2)(B)(i)] authorizes federal courts to dismiss a claim filed [IFP] 'if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious.'" *Id*. "Dismissals on these grounds are often made *sua sponte* prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints." *Id*. (citation omitted). A complaint is frivolous "where it lacks an arguable basis either in law or in fact." *Id*. This term "embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." *Id*. Section 1915(e)(2)(B)(i) "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Id*. at 327. This includes "claims of infringement of a legal interest which clearly does not exist" and "claims describing fantastic or delusional scenarios." *Id*. at 327-28.

Plaintiff's complaint appears to describe a "fantastic or delusional scenario," and as such, it is recommended that this action be dismissed with prejudice.

### III. RECOMMENDATION

IT IS HEREBY RECOMMENDED that the District Judge enter an order:

(1) **GRANTING** Plaintiff's IFP application (ECF No. 1). Plaintiff is permitted to maintain this action without prepaying the filing fee or giving security therefor. This order granting IFP status does not extend to the issuance of subpoenas at government expense.

(2) The complaint (ECF No. 1-1) should be **FILED**.

(3) The action should be **DISMISSED WITH PREJUDICE** for failing to state a claim upon which relief may be granted and as frivolous.

The Plaintiff should be aware of the following:

1. That he may file, pursuant to 28 U.S.C. § 636(b)(1)(C), specific written objections to this Report and Recommendation within fourteen days of being served with a copy of the Report and Recommendation. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the district judge.

2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment by the district court.

Dated: August 18, 2020

　　　　　　　　　　　　　　　　　　　　　_William G. Cobb_
　　　　　　　　　　　　　　　　　　　　　William G. Cobb
　　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge